OPINION OF THE COURT
Lee L. Holzman, J.
The primary question presented in the pending motion and cross motion is whether the confidentiality afforded to drug treatment records precludes their disclosure in this proceeding to revoke both the letters of guardianship of the property of the infant that had issued to the infant’s father (cross-movant) and the limited letters of administration that had issued to cross-movant in the estate of the infant’s mother. Movant, the infant’s maternal grandmother and the petitioner in the underlying proceeding, seeks an order directing disclosure of the cross-movant’s alcohol and drug treatment records at Bronx Lebanon Hospital and Anon Anew. Cross-movant seeks an order granting summary judgment dismissing the petition.
The infant, who was born on December 23, 1980, has remained hospitalized since February 19, 1990, as a result of injuries sustained in the same motor vehicle accident which caused his mother’s death. Pursuant to decrees entered on March 8, 1990, cross-movant received both letters of guardianship of the property of the infant and limited letters of administration in the estate of the infant’s mother in his status as such guardian.
Movant contends that the drug treatment records are needed to insure that cross-movant is fit to serve in either of the fiduciary capacities. She asserts that cross-movant’s self-serving conclusion that he is no longer a substance abuser should not be accepted without independent verification. In support of this argument, she notes that cross-movant did not hesitate to falsely state under oath in his application for letters of guardianship that he had never been involved with drugs.
Cross-movant contends that his treatment records are confidential (Mental Hygiene Law § 23.05 [c]; § 33.13) and that they are irrelevant because they do not relate to his responsibility with regard to financial matters. He asserts that his trustworthiness in financial matters is evidenced by his employment by the United States Postal Service since 1973. Cross-movant also argues that movant’s failure to set forth any evidentiary *202 facts establishing that his letters should be revoked pursuant to the provisions of SCPA 711 warrants granting his application for summary judgment.
The confidentiality afforded to substance abuse treatment, as is the case with every privilege, is based upon the public policy consideration that an important societal goal outweighs the need to gather all of the pertinent facts in a particular case. In short, the rights of the litigant are subordinated to the needs of society as a whole. The Legislature has declared that the "magnitude” of the substance abuse problem requires "statewide comprehensive plans” to "stem the rising tide of substance and alcohol abuse” (Mental Hygiene Law § 19.01 [a]). The premise that substance abuse treatment is effective and should be encouraged by alleviating any cause for concern of reprisals is one of the important linchpins of the "comprehensive plan”. Consequently, a "person’s participation in a substance abuse program shall not be used against such person in any * * * proceeding in any court” (Mental Hygiene Law § 23.05 [a]) and all records of treatment in the program are "confidential and shall be released only in accordance with applicable provisions of the public health law, any other state law, federal law and court orders” (Mental Hygiene Law § 23.05 [c]).
Among the statutory exceptions to complete confidentiality of the records are those instances where the court has determined "that the interests of justice significantly outweigh the need for confidentiality” (Mental Hygiene Law § 33.13 [c] [1]). Similarly, the United States Department of Health and Human Services, in promulgating regulations for the confidentiality of drug abuse patient records, has concluded that "good cause” warranting a court order permitting disclosure should be limited to those instances where there is a "threat to life or serious bodily injury of another person * * * or if the patient brings the matter up in any legal proceeding” and that, even in those instances, the disclosure should be limited to "that information which is necessary to carry out the purpose of the disclosure” (52 Fed Reg 21,796; 42 CFR part 2).
If this were an application for letters of guardianship of the person of an infant, serious consideration would have to be given as to whether the court should permit itself and the other parties to the proceeding to be blindfolded and, thus, unable to view records which might reveal that a person seeking custody of a defenseless infant is involved with drugs presenting, if not a clear and present danger, a reasonable *203 probability of drug induced aberrant behavior placing the infant’s safety and welfare in jeopardy. However, cross-movant’s authority pursuant to the letters of administration in the estate of the infant’s mother is limited to prosecuting appropriate actions sounding in negligence arising from the events which resulted in the mother’s death. The proceeds from that litigation should not be received without a further order from this court. Furthermore, the letters of guardianship of the property of the infant issued to cross-movant require that any recovery that might be obtained for the negligence litigation must be deposited jointly with the Guardian Clerk of this court.
Custody is clearly not in issue in these proceedings. Moreover, the movant and cross-movant are both represented by competent counsel, each of whom is anxious to represent his client in the wrongful death action in the event that the client has the necessary fiduciary status to prosecute the action. Counsel would appear to serve as an appropriate safety net to avoid any short-term drug induced aberrant behavior on the part of their client prejudicing the rights of the infant in the prosecution of the wrongful death action. Similarly, although not as effective a safeguard, once funds have been placed in the hands of the guardian the guardian of the property will not be able to withdraw any of the funds without first presenting a petition establishing that the funds are needed for the infant’s welfare and obtaining an order from the court (SCPA 1713, 1708).
The above circumstances do not support a conclusion either "that the interests of justice significantly outweigh the need for confidentiality” (Mental Hygiene Law § 33.13 [c] [1]) or that the threat of serious bodily harm to the infant vitiates the need for confidentiality. Accordingly, it has not been established that movant is entitled to disclosure of all of the cross-movant’s drug treatment records.
However, the law consistently rejects attempts by litigants to simultaneously use a privilege as a sword and a shield. This is undoubtedly the rationale behind the Federal regulation that the need for confidentiality evaporates when the patient brings the matter up in any proceeding. Here, cross-movant has deemed it appropriate to annex to his papers his "Group Status Report” from Anon Anew reflecting his attendance record in the program for March 1990. These records were submitted to establish that cross-movant has been attending group meetings and is not backsliding into a *204 life of substance dependence. It is only fair that the same records be produced from April 1, 1990 to the end of this year to insure that the records volunteered by cross-movant, who thereby waived their confidentiality, are not incomplete and misleading. Therefore, the application for disclosure is granted to the limited extent that Anon Anew shall supply copies of cross-movant’s group status reports for the period from April 1, 1990 to December 31, 1990.